```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

                              PORTLAND DIVISION



KEONI PAYTON,                                            CV. 10-921-MO

          Petitioner,

     v.                                                  OPINION AND ORDER

JEFFREY THOMAS, Warden,

          Respondent.


     STEPHEN R. SADY
     Office of the Federal Public Defender
     101 SW main Street, Suite 1700
     Portland, OR  97204

          Attorney for Petitioner


     DWIGHT C. HOLTON
     United States Attorney
     RONALD K. SILVER
     Assistant United States Attorney
     1000 SW Third Avenue, Suite 600
     Portland, OR  97204-2902

          Attorneys for Respondent
```

1 - OPINION AND ORDER

Mosman, District Judge.

Petitioner, an inmate at Federal Satellite Camp, Sheridan, Oregon ("SCP Sheridan") at the time of filing, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges the Bureau of Prisons ("BOP") arbitrarily and capriciously modified his Residential Drug Abuse Program ("RDAP") treatment plan to include an additional three months of residential treatment ("recycling"), and asserts he is challenging an unwritten "recycling rule" under the Administrative Procedures Act ("APA"). Petitioner asks the Court to require the BOP to immediately (1) credit him for RDAP completion as of June 30, 2010; (2) apply credit toward the transitional treatment component for each day he received RDAP treatment after June 30, 2010; and (3) order his immediate release. Because this Court lacks jurisdiction to review individualized RDAP determinations, and Petitioner has not otherwise shown protected rights were violated, the Petition for Writ of Habeas Corpus (#1) is DISMISSED.

## BACKGROUND

I.  Statutory Background.

Congress vested authority in the BOP to manage federal correctional institutions. 18 U.S.C. § 4042(a). In 18 U.S.C. §§ 3621-3625, Congress vested the BOP with broad authority to manage the imprisonment of a convicted person, and specified "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition

2 - OPINION AND ORDER

of substance addiction or abuse." 18 U.S.C. § 3621(b). In § 3621(e), Congress articulated a specific statutory mandate for residential substance abuse treatment programs for "eligible prisoners." The statute defines "eligible prisoner" as one who is, "(i) determined by the Bureau of Prisons to have a substance abuse problem, and (ii) willing to participate in a residential substance abuse treatment program[.]" 18 U.S.C. § 3621(e)(5)(B).

The current implementing regulations specific to RDAP include 28 C.F.R. §§ 550.53 - 550.55 (2009). BOP operational guidelines for RDAP are found in BOP Program Statements P5330.11 and P5331.02 (effective 3/16/2009). In § 3625, entitled Inapplicability of the Administrative Procedure Act ("APA"), Congress specified that §§ 554 and 555 and §§ 701-706 of the APA "do not apply to the making of any determination, decision, or order under this subchapter."[1] The phrase "this subchapter" refers to Subchapter C - Imprisonment, which includes §§ 3621-3625.

II. <u>Factual Background</u>.

Petitioner was admitted to RDAP, on October 5, 2009, (#12, Decl. at 2), and began participating the next day. (#1, at 14.) On May 18, 2010, after eight months of RDAP participation, an incident occurred during a group session which prompted RDAP staff to issue an incident report stating Petitioner violated Code 313,

---

[1] Under the APA, § 554 governs Adjudications; § 555 governs Ancillary Matters; §§ 701-706 govern Judicial Review.

3 - OPINION AND ORDER

Lying or Falsifying Statement.[2]  (#11, Attachs. 2 & 4.)  The violation was upheld in a Unit Disciplinary Committee ("UDC") hearing on May 21, 2010.  (#11, Decl. Attachs. 2 & 4 at 2-3.)  Petitioner was sanctioned with 30 days loss of commissary and 30 days loss of phone.  (*Id.*)  His subsequent administrative appeals were unsuccessful.

Following the incident leading to the Code 313 violation, drug treatment staff reassessed Petitioner's treatment progress and modified his RDAP treatment plan.  The amended plan identified specific areas of concern Petitioner needed to address, set goals and identified tasks to be completed, and required that Petitioner complete an additional three months of Core treatment after completing the Transition Module on June 30, 2010.  (#12, Decl. at 3, and Attach. 2.)  Petitioner signed the amended treatment plan.[3]  (*Id.*)

---

[2] Petitioner's description of the incident is summarized as follows:  during a group session, the RDAP instructor engaged Petitioner to discuss his inmate financial account, money received from friends, and his child support agreement and arrangements.  Petitioner was reluctant to discuss the matter in the group setting, and the next day he was accused of lying about his financial account as a result of his answers to questions during the group session.

[3] The modified plan identified Problem #2 as Petitioner's temper and anger, and Problem #4 as "the attitudes of honesty, objectivity, responsibility, humility, willingness and caring," and made reference to the recent code violation.  (#12, Attach. 2.)

4 - OPINION AND ORDER

On August 5, 2010, Petitioner filed the instant petition challenging the extension of his release date and the extension of his RDAP participation. (#1.)

On August 31, 2010, treatment staff discussed Petitioner's treatment progress and noted concerns regarding unsatisfactory progress. (#12, Decl. at 3.) Petitioner was invited to address the reviewing committee regarding its concerns. (*Id*.) The reviewing committee, "[u]pon considering inmate Payton's treatment progress and the information and observations made at th[e] meeting," expelled Petitioner from RDAP due to unsatisfactory progress. (*Id*.) Petitioner was informed of his expulsion on September 1, 2010. (*Id*.) Petitioner's administrative appeal of the expulsion from RDAP and the associated loss of early release eligibility is pending. (#10, at 4.)

## DISCUSSION

In his *pro se* petition, Petitioner challenges the BOP's actions under the APA, citing § 706(2)(A). (#1, at 10.) Petitioner seeks credit for completing RDAP as of June 30, 2010, credit for the additional three months he received treatment, and immediate release. (*Id*. at 45-46.) He argues the BOP's modification of his treatment plan was unjustified, arbitrary and capricious and "disrupted Petitioner's reasonable, settled expectations." (*Id*. at 5-6.) Petitioner cites *Barq v. Daniels*, 428 F.Supp 2d 1147 (D.Or. 2006) (reversing a petitioner's RDAP

5 - OPINION AND ORDER

class reassignment) in urging the Court to grant relief. He contends BOP policies do not allow the BOP to extend his treatment program. (*Id*. at 6.)

Respondent argues that pursuant to 18 U.S.C. § 3625 this Court lacks jurisdiction to review the BOP's individual determinations related to RDAP. (#10, at 3.) Respondent further argues Petitioner failed to exhaust administrative remedies, fails to state a claim for which relief may be granted, alleges no cognizable injury, and Petitioner's claim is moot in light of his expulsion from RDAP. (*Id*. at 3-7.)

With the assistance of counsel, Petitioner responds to the government's motion to dismiss arguing he is not challenging the purely discretionary decision to modify his treatment plan, but rather is "challenging the viability of the recycling rule." (#15, at 10.) He asserts that he had a settled expectation he would complete RDAP in nine months and that he has a protectable interest in eligibility for § 3621(e) sentence reduction. (*Id*. at 11-15.) He also contends his expulsion from RDAP on September 1, 2010, was in retaliation for the filing of this habeas action on August 5, 2010, and that the BOP did not follow its own policies for expulsion. (*Id*. at 9 and 15.)

As a threshold matter, the Court must determine whether it has jurisdiction to consider Petitioner's claim. *See Wallace v. Christiansen*, 802 F.2d 1539, 1542 (9th Cir. 1986) (jurisdiction must be addressed and answered before the merits may be reached).

6 - OPINION AND ORDER

In doing so, the Court will not consider Petitioner's arguments challenging his expulsion from RDAP because the issue was not presented in his petition. *See* 28 U.S.C. § 2242.

I.  Jurisdiction

    A.  The APA and Judicial Review

"The APA confers a general cause of action upon persons 'adversely affected or aggrieved by action within the meaning of the relevant statute,' but withdraws that cause of action to the extent the relevant statute 'preclude[s] judicial review." *Block v. Community Nutrition Institute et. al.*, 467 U.S. 340, 345 (1984) (internal citations omitted); 5 U.S.C. §§ 701 and 702.[4]  "Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Id.*

---

[4]Section 701. Application; definitions
(a) This chapter applies . . . except to the extent that-(1)  statutes preclude judicial review; or
    (2)  agency action is committed to agency discretion by law.
* * *
Section 702.  Right of review
    A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.
* * *

7 - OPINION AND ORDER

In *Heckler v. Chaney*, 470 U.S. 821, 828 (1985), the Supreme Court stated that before judicial review occurs, "a party must first clear the hurdle of § 701(a)." The Court explained that "[§ 701(a)] requires construction of the substantive statute involved to determine whether Congress intended to preclude judicial review of certain decision" and "applies when Congress has expressed an intent to preclude judicial review." *Id*. at 828, 830. Section 701(b) applies where "Congress has not affirmatively precluded review but that the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Wallace,* 802 F.2d at 1543 n.2.

In § 3625, Congress specified: "[t]he provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, [the APA] do not apply to the making of any determination, decision, or order under this subchapter." This subchapter - Subchapter C - includes §§ 3621-3625. The Court finds no ambiguity in the language of § 3625. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (begin with the language of the statute and, if possible, give effect to every clause and word); *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc*., 467 U.S. 837, 842 (1984) ("If the intent of Congress is clear [from the statutory language], that is the end of the matter...."). The statute specifies that §§ 701-706 do not apply to "the making of any determination, decision, or order" under § 3621.

8 - OPINION AND ORDER

Section 3621 vests authority for the management of inmate drug treatment programs in the BOP. Therefore, if Petitioner is challenging a "determination, decision, or order" made under § 3621, it would be contrary to Congress's directive in § 3625 for this Court to apply the right of review granted under § 702 or the standards of review under § 706(2)(A) of the APA to Petitioner's claim.

B. <u>Nature of Petitioner's Claim</u>.

In his *pro se* petition, Petitioner asserts the Drug Program Coordinator acted with willful disregard for BOP Policy by extending his release date and his required RDAP participation. (#1, at 1.) He states he is seeking "redress from his erroneous RDAP recycle" due to a single 300 series violation. (*Id*. at 3-4.) With the assistance of counsel, Petitioner argues he is not challenging the amendment of his treatment plan, but rather, is challenging the viability of an unwritten recycling rule that resulted in his having to repeat three months of the program, and his eventual expulsion and loss of eligibility for sentence reduction. (#15, at 10.) The Court finds Petitioner's argument that he is challenging a rule and not an individualized determination unpersuasive.

In his petition, Petitioner cites *Barq v. Daniels*, 428 F.Supp. 2d 1147 (2006) in urging the Court to review his claim. (#1 at 5-6.) In *Barq*, after five months in RDAP, the petitioner was removed and placed in a special housing unit ("SHU") based on

9 - OPINION AND ORDER

allegations by a fellow inmate. 428 F.Supp 2d at 1148-49. After some time, the BOP determined the allegations against petitioner were false and that he had not committed any prohibited acts. *Id*. The petitioner missed twenty-three RDAP sessions as a result of his transfer to SHU, and upon resuming RDAP he was not re-assigned to his original class. Instead, he was assigned to a later graduating RDAP class. *Id*. The petitioner challenged the BOP's decision to assign him to the later graduating class and alleged the decision violated his constitutional rights. *Id*. The district court reviewed the BOP's decision under 5 U.S.C. § 706(2)(A), noting that "agency actions, findings and conclusions will be upheld unless they are 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id*. at 1149. Following an evidentiary hearing, the court concluded "the agency action removing petitioner from his original DAP class was arbitrary and capricious and an abuse of discretion," and granted relief. *Id*. at 1151.

This Court has previously held it does not have jurisdiction to review individualized determinations relating to RDAP and adheres to that holding. *Johnston v. Thomas*, 2010 WL 2574090 (June 24, 2010) (citing cases and joining other district courts that had reviewed § 3625 and concluded Congress intended that BOP rulemaking be reviewable under the APA, but not its adjudication of specific cases); *see also Heckler*, 470 U.S. at 828 (before judicial review

10 - OPINION AND ORDER

occurs a party must clear the hurdle of § 701(a); *Carlin v. McKean*, 823 F.2d 620, 623 (D.C.Cir. 1987) (courts should not presume reviewability of agency action when Congress has explicitly exempted agency action from the APA's provisions). The petitioner in *Barq* was challenging the individualized determination that he would be assigned to one RDAP class instead of another. The district court, however, did not discuss the nature of the BOP action at issue, and did not address the express removal of judicial review under the APA for agency determinations, decisions, or orders in § 3625, before reviewing the claim under § 706(2)(A).

    This Court does not have jurisdiction to review a determination that an inmate's treatment progress is not satisfactory, or to review the treatment modifications made as a result of such a determination or the consequences thereof. And, fundamentally, that is what Petitioner is asking the Court to do. What Petitioner characterizes as the unwritten recycling rule is the imposition of additional residential drug treatment based on an individualized determination that an inmate has not made satisfactory treatment progress. Petitioner makes it clear in his petition that he disagrees with the determination that he has not made satisfactory progress in RDAP, and that he challenges the fact his treatment was extended and the resulting consequences. Characterizing the claim as a challenge to the validity of an unwritten recycling rule does not change the essence of Petitioner's claim.

11 - OPINION AND ORDER

When Congress enacted § 3625 and made that section applicable to § 3621, it expressly removed the cause of action conferred under § 701 of the APA to persons "adversely affected or aggrieved by action within the meaning of the relevant statute," and precluded judicial review of individualized determination by the BOP.  For the Court to review the individualized assessment of Petitioner's treatment progress, and the treatment modification that assessment triggered, would require disregarding the express language of § 3625, and would impose a level of judicial oversight on the BOP's drug treatment programs not contemplated by the statute.  It would also put the federal court in the untenable position of micro-managing the BOP's residential drug treatment program and ignoring the "wide-ranging deference to be accorded to the decisions of prison administrators."  *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125-126 (1977).

II.  <u>Claim of Settled Expectation and Protectable interest</u>.

With the assistance of counsel, Petitioner argues judicial review is available because he had a settled expectation of successfully completing RDAP giving rise to a protectable interest in his eligibility for early release under § 3621(e).  (#15, at 11.)  Petitioner acknowledges "the BOP has the discretion to determine whether a prisoner has successfully completed RDAP," but he contends BOP program statement P5330.11 establishes the expectation that the three institutional phases last no longer than nine months, that removal from the program occurs only if repeated

12 - OPINION AND ORDER

interventions are required, and immediate removal is limited to situations when prisoners have been disciplined for specified prohibited acts or level 100 violations. (*Id*. at 12-14.) Petitioner relies on *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000) and *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997) in arguing he has a protectable interest in early release eligibility "if he follows the rules." (#15, at 11-12.) Following an independent review of the RDAP regulations and related BOP program statements, the Court finds Petitioner's arguments unavailing.

The statute governing the imprisonment of federal inmates delegates the authority to administer RDAP and other treatment programs to the BOP. *See* § 3621(b), (e) and (f). The implementing regulations specify, in relevant part, that "[t]o complete the unit-based component of RDAP, inmates must [] have satisfactory attendance and participation in all RDAP activities" and that inmates may be removed from RDAP by the Program Coordinator "because of disruptive behavior related to the program or *unsatisfactory progress in treatment*." 28 C.F.R. §§ 550.53(f) and (g)(1) (emphasis added). The regulations, thus, implicitly provide for ongoing assessment of the inmates' participation and progress in treatment, and for action based on those assessments.

In internal agency guidelines the BOP describes each treatment phase of RDAP and addresses the duration of the program as follows: "*Ordinarily*, Phase I should not last more than two months;" "*Ordinarily*, the Core Treatment Phase will last no more than five

13 - OPINION AND ORDER

months;" and "*Ordinarily*, the Transition Phase will last no more than two months."  Program Statement P5330.11 at 16, sec. 2.5.11, (emphasis added).  The provision which governs the monitoring of the eligibility of RDAP participants for early release under § 3621(e) contemplates additional treatment time.[5]

The BOP's internal guidelines also specify: treatment staff observes program participants regularly on and off the unit to determine if behavior in the program is consistent with behavior throughout the institution; completion of any phase is determined by the inmate's behavior within the RDAP and on the compound; inmates may be removed from the program because of unsatisfactory progress; and "ordinarily, staff will provide [an] inmate with at least one treatment intervention prior to removal."  Program Statement P5330.11, Chpt. 2 at 16-18.

Petitioner's assertion that "the program statement provides that the three institutional phases last no longer than nine months" rests on selective reading of the internal guidelines and ignores: the qualifier "ordinarily" that precedes the estimated duration for each phase of RDAP; the provisions regarding monitoring of treatment progress and the implicit authority to

---

[5] "(2) Additional Completion Time in RDAP.  If an eligible inmate is determined, for clinical reasons (e.g. difficulty meeting treatment goals) or administrative reasons (e.g. writ, medical, institutional need), to require additional time to complete the RDAP, the DAPC, or designee, will immediately forward the *Notice of § 3621(d) Date* form to the CSD, Unit Team, and the DSCC."  Program Statement P5331.02, sec. 11 a., at 8.

14 - OPINION AND ORDER

respond to what monitoring reveals; and the provisions noting that inmate behavior and satisfactory progress are determinative factors in program completion.  Moreover, Petitioner's interpretation of the BOP's policies infringe on the BOP's broad authority to manage drug treatment programs and would prevent the BOP from extending RDAP treatment when the monitoring of an inmate's treatment progress reveals unsatisfactory progress.  The Court, thus, rejects Petitioner's claim that BOP policies give rise to a settled expectation inmates will complete RDAP in nine months and be eligible for the discretionary sentence reduction thereafter.

Having found Petitioner does not have a settled expectation of completing RDAP in nine months, the Court also finds Petitioner's reliance on *Bowen v. Hood*, 202 F.3d 1211 (9th Cir. 2000) and *Cort v. Crabtree*, 113 F.3d 1081 (9th Cir. 1997), in arguing he has a protectable interest in early release eligibility "if he follows the rules," unavailing.  (#15, at 11-12.)  In *Bowen*, a regulation governed eligibility determinations for sentence reduction based on successful completion of substance abuse treatment program.  The Ninth Circuit held the BOP could not retroactively apply an amended version of the regulation, categorically excluding certain prisoners from eligibility for sentence reduction, to inmates who had already been provided with a determination of eligibility before the amended regulation became effective.  202 F.3d at 1220-21.  The Ninth Circuit found the inmates had a settled expectation of eligibility arising from their eligibility determination under

15 - OPINION AND ORDER

the previous rule. In *Cort*, the BOP published a new interpretation of "nonviolent offense" to exclude those convicted of unarmed robbery from eligibility for sentence reduction under § 3621(e). The Ninth Circuit held the new interpretation could not be retroactively applied to prisoners already in RDAP on the date the BOP adopted the interpretation, or to prisoners who were already found eligible. 113 F.3d at 1084-85. The issue here is Petitioner's treatment modification as a result of unsatisfactory treatment progress - an action contemplated in the drug treatment policies before Petitioner enrolled in RDAP - not the retroactive application of a new rule. Petitioner's expectation that he would be released early did not create a protected interest. *Roberts v. Spaulding*, 783 F.2d 867, 870 (9th Cir.), *cert. denied*, 107 S.Ct. 399 (1986) ("A mere expectation of receiving a benefit is not enough to create a protected interest.").

While the Court retains jurisdiction to review claims alleging BOP action is contrary to established federal law, violates the U.S. Constitution, or exceeds the statutory authority Congress vested in the agency, *Staacke v. United States Sec. of Labor*, 841 F.2d 278, 281 (9th Cir. 1988), Petitioner has not demonstrated that the action of "recycling" exceeds the BOP's statutory authority or is contrary to the implementing regulations. Just as the authority to determine which inmates participate in BOP drug treatment programs rests solely with the BOP, *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996) ("Regarding substance-abuse treatment

16 - OPINION AND ORDER

programs, the Bureau's discretion *begins* with deciding whether an inmate ever enters such a program[]")(emphasis added), the authority to determine whether inmates are making satisfactory treatment progress, whether a treatment plan need modification, and what modifications will be made rests solely with the BOP.

When Congress enacted § 3625 and made that section applicable to § 3621, it expressly removed the cause of action conferred under § 701 of the APA to persons "adversely affected or aggrieved by action within the meaning of the relevant statute," and precluded judicial review of individualized determination by the BOP. Petitioner is challenging an individualized determination and attempts to circumvent section § 3625 through alternative arguments that are without merit. Moreover, Petitioner has not shown the BOP violated established federal law, the United States Constitution, or exceeded its statutory authority making habeas relief unavailable. In light of this holding, the Court need not address Respondent's arguments that Petitioner failed to exhaust administrative remedies, or that the petition is moot.

/ / /

/ / /

/ / /

## **CONCLUSION**

Based on the foregoing, Petitioner's Petition for Writ of Habeas Corpus (#1) is DISMISSED.

IT IS SO ORDERED.

DATED this  10th  day of February, 2011.


                                         /s/ Michael W. Mosman
                                         Michael W. Mosman
                                         United States District Judge

18 - OPINION AND ORDER